UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:                                                                                             CASE NO. 05-23956

LARRY DAVID TURNER
LESLIE ANNE TURNER

DEBTORS

## MEMORANDUM OPINION AND ORDER

This matter having come before the Court on Debtors' Motion to Reopen Chapter 7 Case ("Motion to Reopen") [Doc. 19], and a hearing having been held on December 11, 2012, and the Court having reviewed the record and being otherwise sufficiently advised, the Court shall deny the Motion because to reopen the case would be futile.

Debtors filed a voluntary chapter 7 petition on October 12, 2005. The petition does not list any tax debt. Debtors received an Order of Discharge on February 16, 2006 [Doc. 15]. On September 28, 2012, Debtors filed the Motion to Reopen in order to amend their schedules to add Kentucky Tax Bill Servicing ("KTBS") as an unsecured creditor. Debtors contend that their debt to KTBS for 2006 property taxes should be discharged.

KTBS filed a Response [Doc. 25] asking that the Motion be denied because the debt is post-petition and thus not dischargeable. Prior to Debtors' Motion to Reopen, KTBS had filed an action in state court seeking *in personam* judgment against the Debtors. Although, the real property that is subject to the tax lien is still owned by the Debtors, it has apparently become inhabitable and of questionable value.

Debtors' Reply [Doc. 27] contends that because the 2006 taxes were assessed on January 1, 2006 which is before the Order of Discharge entered on February 16, 2006, that the debt arose before the date of the order for relief and is thus dischargeable.

Kentucky Revised Statute § 132.220(1)(a) provides:

1

> All taxable property and all interests in taxable property, unless otherwise specifically provided by law, shall be listed, assessed, and valued as of January 1 of each year.

Kentucky Revised Statute § 134.015(1) provides:

> All property taxes are due and payable on or before December 31 of the assessment year except as otherwise provided by law. Payment shall be made to the sheriff as provided in KRS 134.119 unless otherwise provided by law.

Until property is actually sold pursuant to a foreclosure sale or otherwise, a debtor remains the legal owner. See e.g., In re Sneijder, 407 B.R. 46, 52-53 (Bankr. S.D.N.Y. 2009).

Section 301(b) provides:

> The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter. 11 U.S.C. § 301(b).

Section 727(b) discharges a debtor from all debts that arose before the date of the order for relief. 11 U.S.C. § 727(b).

Here, the bankruptcy was filed on October 12, 2005. Whether the tax claim arose on January 1, 2006, December 31, 2006, or January 1, 2007, the date of the delinquency according to KTBS, is irrelevant because all three dates are after the order for relief. Debtors apparently think that the order for relief refers to the Discharge Order; however, pursuant to Section 301(b), the commencement of the voluntary case constitutes the order for relief. The debt is post-petition and not dischargeable; thus it would be futile to reopen the case. In re Madaj, 149 F.3d 467, 472 (6th Cir. 1998) (case will not be reopened where reopening will have no effect).

IT IS HEREBY ORDERED that Debtor's Motion to Reopen [Doc. 19] is DENIED.

COPIES TO:

Debtors
Matthew B. DeMarcus, Esq.
Joshua M. Bilz, Esq.
L. Craig Kendrick, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Wednesday, January 23, 2013
(tnw)**